99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel LARKLAM, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70743.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 25, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aju-dkq-jdl.
 B.I.A.
 REVIEW GRANTED.
 Before: PREGERSON, BOOCHEVER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Larklam is a fifty-year old native and citizen of Burma. He entered the United States through Seattle, Washington, on or about June 17, 1989, with a year-long non-immigrant visa. Prior to entering this country, petitioner was residing as an illegal alien in Thailand.
 
 
 3
 At a deportation hearing held before an Immigration Judge, petitioner conceded deportability and testified in support of his application for asylum and withholding of deportation on the ground that if returned to Thailand, he will be deported to Burma because of his political opinion and membership in a particular social group. It is the obvious thrust of his testimony that he feared that he would face political persecution upon his return to Burma.
 
 
 4
 Petitioner testified that while in Thailand, he was a coordinator in the Karen National League, a group dedicated to opposing the government of Thailand's neighbor, Burma. His duties included the gathering of information about the operations of the Burmese government. He was detained twice in 1974 and 1975 for being a suspected member of the Karen League and for being an illegal alien. Following a 1988 anti-Burmese student demonstration that petitioner helped to organize, he had heard from his neighbors and his wife's family that the Burmese military intelligence was looking for him and was going to attempt to detain him. After some difficulty procuring a Thai passport, petitioner left Thailand in late 1988 or early 1989 for England to continue his political activities. He left behind a Thai-citizen wife and child.
 
 
 5
 Larklam petitioned for asylum alleging that he cannot go back to Thailand because he fears that he will be deported to Burma. He testified: "There's very good cooperation with the Burmese government and Thai government--to crack down on the dissident as illegal immigrant [sic]."
 
 
 6
 The IJ rendered an oral decision denying Larklam's petition for asylum and withholding of deportation but granting his alternative request for voluntary departure. The IJ concluded that the petitioner had not met his burden of showing that he would be persecuted based upon membership in a particular group if returned to Thailand. The Board of Immigration Appeals dismissed his appeal in a two-page decision, principally concurring with the IJ.
 
 
 7
 Neither the IJ nor the BIA made any findings regarding petitioner's claim that he will be persecuted if returned to Burma. The order of deportation provides, however, that Larklam is to be deported to Burma, not Thailand. Although we do not comment on whether or not the IJ's findings are correct with regard to petitioner's fears regarding his return to Thailand, in view of the nature of the deportation order we must remand for a determination of whether he has a reasonable fear of persecution if returned to his native Burma, as provided in the order of deportation.
 
 
 8
 Accordingly, we GRANT the petition for review and REMAND for proceedings consistent with this disposition.
 
 
 9
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3